DAVID A. HUBBERT
Deputy Assistant Attorney General

AMY MATCHISON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
Telephone:   (202) 307-6422
Fax:         (202) 307-0054
Email:   Amy.T.Matchison@usdoj.gov
         Western.Taxcivil@usdoj.gov

*Attorneys for United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>United States Internal Revenue Service; Daniel I. Werfel, in his official capacity as Commissioner of the United States Internal Revenue Service; the United States Department of Treasury; Janet L. Yellen, in her official capacity as Secretary of the United States Department of Treasury; and the United States of America,<br><br>　　　　Defendants. | Case No. 2:24-cv-00355-PHX-GMS<br><br>**DECLARATION OF COURTNEY KAY-DECKER** |

I, Courtney Kay-Decker, pursuant to 28 U.S.C. § 1746, declare that:

1.　I am the Deputy Chief Taxpayer Experience Officer of the IRS Taxpayer Experience Office (TXO).

2.　TXO was established in March 2022 as part of a longer-term effort to improve taxpayer service. TXO oversees and drives the IRS strategic direction to improve the taxpayer experience. It identifies opportunities to make improvements for taxpayers and the tax professional community based on taxpayer expectations and industry trends.

1

3. In my role, I am responsible for driving the IRS's strategic direction to enrich the customer experience through a customer-centric approach, ensuring the voice of our customers, including taxpayers and their professional representatives, are factored into all aspects of IRS operations. I spearhead efforts in collaboration with IRS internal and external partners to drive the strategy for taxpayer interactions, monitoring and prioritizing the taxpayer experience, coordinating identification of taxpayer trends and best practices, and collaborating on the implementation of Service-wide taxpayer experience improvements.

4. TXO hosted a call with members of the Federation of Tax Administrators (FTA), of which most or all state Departments of Revenue are members, on August 30, 2023. On this call, the IRS Office of Chief Counsel shared with attendees the substance of Notice 2023-56, which was released the same day. Notice 2023-56 was issued by the Office of Chief Counsel and provides guidance as to how the IRS evaluates the taxability of payments made by states directly to their residents. A representative from the Arizona Department of Revenue (ADOR) was on the call.

5. On October 3, 2023, TXO received an email from Rory Wilson, Tax Policy Executive with the ADOR, requesting guidance on the federal tax consequences of the 2023 Arizona Families Tax Rebate (the Arizona Payment). A copy of this email is attached as Exhibit A. TXO forwarded the email to IRS Office of Chief Counsel, Office of the Associate Chief Counsel (Income Tax & Accounting) (IT&A). TXO also responded noting that the Office of Chief Counsel was accepting questions and comments on Notice 2023-56, as provided in that Notice.

6. On November 16, 2023, TXO received an email from Mr. Wilson checking in on the payment taxability issue. The email stated: "We don't need official legal guidance or anything like that, just sort of a head's up (taxable or not taxable) . . . ." It also stated: "The issue is we [ADOR] are currently having to proceed as if the rebate is taxable for federal purposes which means ADOR must prepare 700-800K 1099-G's and make them available to taxpayers by the end of January. We'll also have to send the

1099G file to the IRS by the end of March." I responded to the mail on November 18, letting Mr. Wilson know we were working on his request. A copy of this email is attached at Exhibit A.

7. On December 7, 2023, TXO received an email from Mr. Wilson informing it that "[w]e were able to meet with IRS Tax Counsel today and obtain a determination from them." A copy of this email is attached at Exhibit B.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 15th day of March 2024.

COURTNEY KAY-DECKER
Deputy Chief Taxpayer Experience Officer
Internal Revenue Service

| | |
|---|---|
| **From:** | Kay-Decker Courtney M |
| **To:** | Rory Wilson |
| **Cc:** | Daly Laura U; Buchholz Lindsey C; Powell Tammy; Axelrod Justin M |
| **Subject:** | RE: [EXT] Federal Taxability of Arizona"s Families Tax Rebate |

Hi, Rory!

Thank you for following up.   I shared your note with Counsel.  Laura on my team is helping me coordinate these efforts.  I know we are working hard to have more information to you before the 1099s need to be issued.

**From:** Rory Wilson <rwilson@azdor.gov>
**Sent:** Thursday, November 16, 2023 5:20 PM
**To:** Kay-Decker Courtney M <Courtney.M.Kay-Decker@irs.gov>
**Subject:** Re: [EXT] Federal Taxability of Arizona's Families Tax Rebate

Hi Courtney,

Just checking in again from the state of Arizona.  Our Arizona tax rebate project leaders and Arizona tax practitioner groups have urged me to check in and see if the IRS legal team has a status update, a timeline, a lean or maybe even a decision on the federal taxability of Arizona's Family Tax Rebate.  We don't need official legal guidance or anything like that, just sort of a head's up (taxable or not taxable) so we know how to move forward in terms of operations and for our communications with the public. ADOR issued the paper checks last week and the direct deposits settled on Monday 11/13 so the federal taxability question is now front and center.

The issue is we are currently having to proceed as if the rebate is taxable for federal purposes which means ADOR must prepare 700-800K 1099-G's and make them available to taxpayers by the end of January.  We'll also have to send the 1099G file to the IRS by the end of March.  If we issue/make available the 1099G's taxpayers will include the rebate on their federal return as other income.  If the IRS later issues guidance in say February or March that Arizona's rebate is not taxable it'll necessitate thousands amended federal returns by early filers or taxpayers will have to make some sort of adjustment on their 2024 1040.  The rebate is not taxable for Arizona purposes even if it is determined that it is taxable for federal purposes so from our standpoint it's do we need to make 1099G available and what do we tell the public about federal taxability.

I really appreciate your time on this. I understand the states issuing rebates has created a lot of unwanted extra work for the IRS. Having read the issued guidance I certainly appreciate that these determinations are not easy.  Anything you can provide me with would be very welcome.

Thank you,

Rory Wilson
ADOR Cell # 602-860-2723



Exhibit
A

 Rory Wilson
Tax Policy Executive
Arizona Department of Revenue

On Tue, Oct 3, 2023 at 1:16 PM Kay-Decker Courtney M <Courtney.M.Kay-Decker@irs.gov> wrote:

> Hi, Rory!  Thanks for reaching out.   Counsel is currently accepting questions and comments on their guidance, so I will forward this on to them so they can consider it as they evaluate the next steps on guidance.
>
> **From:** Rory Wilson <rwilson@azdor.gov>
> **Sent:** Tuesday, October 3, 2023 11:51 AM
> **To:** Kay-Decker Courtney M <Courtney.M.Kay-Decker@irs.gov>
> **Subject:** [EXT] Federal Taxability of Arizona's Families Tax Rebate
>
> Hello Courtney,
>
> One of my Arizona Department of Revenue colleagues attended one of the IRS webinars about the federal treatment of certain state rebates and your email was shared as a possible contact.
>
> Arizona was a little late to the party in enacting a state tax rebate.  I had read the February 2023 IRS guidance which seemed to rely on IRC 139 in combination with the federal Covid emergency being in effect for justification for most of the state tax rebates not being included in federal adjusted gross income.  Arizona's rebate was enacted after the federal government lifted the Covid emergency and based on what I read it seemed at that point that Arizona's 2023 rebate would likely be taxable. I later read the IRS State Rebate guidance that came out this summer and thought it was possible that Arizona's rebate could fall under the general welfare provisions.
>
> I read the examples in the August guidance and Arizona's rebate does not fit neatly into the examples. Arizona's rebate was enacted by the legislature and signed by the governor to help mitigate the effect of the inflation on Arizona families. Unlike other states it is not an across the board rebate.  You must have claimed Arizona's dependent tax credit in 2021 (similar to the federal child tax credit) and paid at least $1 in tax (after taking into account tax credits) in either 2021, 2020, or 2019. As a result of these restrictions (must claim a child or other dependent and actually pay income tax) fewer than 25% of Arizona filers qualify for the rebate. High income filers (with dependents) are excluded because of the income phaseout provisions in the dependent tax credit.  Low income taxpayers (with dependents) are largely excluded because they often do not meet the rebate requirement that they paid Arizona income tax.  Some middle income families (with dependents) are excluded from the rebate because they claim several Arizona tax credits which reduces their tax to zero.
>
> In terms of federal and Arizona filing accuracy the stakes are pretty high, the last thing ADOR or

the IRS wants is for taxpayers to improperly include or exclude Arizona's tax rebate in their 2023 federal adjusted gross income and have to deal with thousands of amended returns. ADOR projects about 800K taxpayers will qualify for this rebate. Whether Arizona's rebate is subject to federal income tax is ultimately a federal determination so we really appreciate it if the IRS would weigh in on our rebate.  I have attached the Arizona legislation below and would be happy to meet with you or answer any questions you might have for Arizona.

Thank you,

Rory Wilson

ADOR Cell # 602-860-2723



Rory Wilson
Tax Policy Executive
Arizona Department of Revenue

NOTICE: This e-mail (and any attachments) may contain PRIVILEGED OR CONFIDENTIAL information and is intended only for the use of the specific individual(s) to whom it is addressed.  It may contain information that is privileged and confidential under state and federal law.  This information may be used or disclosed only in accordance with law, and you may be subject to penalties under law for improper use or further disclosure of the information in this e-mail and its attachments.  If you have received this e-mail in error, please immediately notify the sender named above by reply e-mail, and then delete the original e-mail.  Thank you.

NOTICE: This e-mail (and any attachments) may contain PRIVILEGED OR CONFIDENTIAL information and is intended only for the use of the specific individual(s) to whom it is addressed.  It may contain information that is privileged and confidential under state and federal law.  This information may be used or disclosed only in accordance with law, and you may be subject to penalties under law for improper use or further disclosure of the information in this e-mail and its attachments.  If you have received this e-mail in error, please immediately notify the sender named above by reply e-mail, and then delete the original e-mail.  Thank you.

| | |
|---|---|
| **From:** | Kay-Decker Courtney M |
| **To:** | Rory Wilson |
| **Subject:** | RE: [EXT] Thank You |

Rory,

I'm so glad you were able to connect and get what you needed! Thank you for letting me know. I hope you have a great holiday season!

Courtney

**From:** Rory Wilson <rwilson@azdor.gov>
**Sent:** Thursday, December 7, 2023 6:40 PM
**To:** Kay-Decker Courtney M <Courtney.M.Kay-Decker@irs.gov>
**Subject:** [EXT] Thank You

Hello Courtney,

We were able to meet with the IRS Tax Counsel today and obtain a tax determination from them. Just wanted to thank you for helping facilitating that from your end.

Best,

Rory

NOTICE: This e-mail (and any attachments) may contain PRIVILEGED OR CONFIDENTIAL information and is intended only for the use of the specific individual(s) to whom it is addressed. It may contain information that is privileged and confidential under state and federal law. This information may be used or disclosed only in accordance with law, and you may be subject to penalties under law for improper use or further disclosure of the information in this e-mail and its attachments. If you have received this e-mail in error, please immediately notify the sender named above by reply e-mail, and then delete the original e-mail. Thank you.

Exhibit B