DAVID A. HUBBERT
Deputy Assistant Attorney General

AMY MATCHISON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
Telephone:   (202) 307-6422
Fax:         (202) 307-0054
Email:   Amy.T.Matchison@usdoj.gov
         Western.Taxcivil@usdoj.gov

*Attorneys for United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona,<br><br>  Plaintiff,<br><br>  v.<br><br>United States Internal Revenue Service; Daniel I. Werfel, in his official capacity as Commissioner of the United States Internal Revenue Service; the United States Department of Treasury; Janet L. Yellen, in her official capacity as Secretary of the United States Department of Treasury; and the United States of America,<br><br>  Defendants. | Case No. 2:24-cv-00355-PHX-GMS<br><br>**DECLARATION OF ANGELLA WARREN** |

I, Angella Warren, pursuant to 28 U.S.C. § 1746, declare that:

1. I am the Branch Chief of Branch 4 of the IRS Office of Chief Counsel, Office of the Associate Chief Counsel (Income Tax and Accounting) (IT&A).

2. In my position as Branch Chief, I am familiar with IRS Notice 2023-56 and related IRS guidance given to the states concerning the potential tax consequences of state payment programs.

3. IRS Notice 2023-56 was published on irs.gov on August 30, 2023. *See* https://www.irs.gov/newsroom/irs-issues-guidance-on-state-tax-payments [https://perma.cc/SPY7-GSKB]. Notice 2023-56 solicited comments from the public on

1  the rules described in the notice and "specific aspects of State payment programs or
2  additional situations with respect to which the issuance of Federal income tax guidance
3  would be helpful." Notice 2023-56 § 5.01. Comments were to be submitted on or before
4  October 16, 2023, electronically via the Federal eRulemaking Portal at
5  https://www.regulations.gov, or by mail. Notice 2023-56 § 5.02.

6      4.     I have been informed by the Publications and Regulations Section of the
7  IRS Office of Chief Counsel that all comments submitted in response to Notice 2023-56
8  in accordance with the instructions in the notice are publicly available on the Federal
9  eRulemaking Portal: https://www.regulations.gov/document/IRS-2023-0033-0001. *See*
10 Notice 2023-56 § 5.02. Forty-six comments were submitted. The portal does not reflect
11 any comments submitted by or on behalf of Arizona.

12     5.     On November 20, 2023, an attorney with IT&A contacted Rory Wilson,
13 Tax Policy Executive with the Arizona Department of Revenue (ADOR), to schedule a
14 meeting regarding his request for advice regarding whether payments Arizona made to its
15 residents would be includable in taxable income for federal tax purposes (the Arizona
16 payments).

17     6.     On December 7, 2023, representatives from ADOR, IRS Office of
18 Taxpayer Experience (TXO), IT&A, and the Office of Chief Counsel, Office of the
19 Associate Chief Counsel (Procedure & Administration) (P&A) met virtually with
20 Arizona representatives to discuss federal tax consequences of the Arizona payments. I
21 attended the meeting. The Arizona attendees were Rory Wilson, Tax Policy Executive;
22 Adrianne Sloat, Assistant Director, Taxpayer Services; Elizabeth St. Clair, Senior
23 Analyst; Neeraj Deshpande, Deputy Director; and Craig McPike, Associate General
24 Counsel.

25     7.     In the meeting, IT&A explained that all accessions to wealth are income
26 under section 61 of the Code unless exclusions apply and the application and analysis of
27 the two possible exclusions—general welfare and disaster relief. IT&A explained that
28 neither exclusion applied to the Arizona payments. IT&A also explained that the

2

payments were not refunds because they were not limited to the amount of taxes previously paid by each recipient. The Arizona representatives stated that they were aware that the IRS had recently determined that payments made by Minnesota to its residents were taxable, and that they had expected Arizona to get a similar determination.

8. P&A explained that section 6041 of the Code required payments of $600 or more to be reported on Form 1099-MISC. Arizona questioned why it should not be reported on Form 1099-G. P&A explained that Form 1099-G is used for refunds and the Arizona payments are not refunds. Arizona confirmed that the amount would be reported on Form 1099-MISC, Box 3, and that taxpayers would report the payment as other income on Form 1040. Arizona indicated they were planning to issue Form 1099-MISC to everyone who received a payment, regardless of the $600 threshold.

9. Arizona asked whether the IRS had considered that the Arizona payments were a gift to taxpayers. IT&A explained that generally, payments from states and the federal government are not made from disinterested generosity, and therefore are not gifts under the tax code.

10. On January 24, 2024, representatives from the IRS Office of Legislative Affairs, TXO, and IT&A conducted a call with representatives of Senator Kyrsten Sinema's office, in response to a letter from Senator Sinema. I attended the call. IT&A explained that all accessions to wealth are gross income under section 61 of the Code, and that neither the general welfare nor disaster relief exclusions applied. For the general welfare exclusion, IT&A explained that IRS looks at the program as a whole and does not apply the exclusion if the payments are not aimed at low-income recipients; and that Arizona's payments are not disaster relief because the legislation was enacted on very last day of the COVID pandemic national emergency, and there is no mention of the pandemic in the legislation itself. Senator Sinema's staffers expressed that it can be unclear to the states which payments qualify for the general welfare exclusion and which do not because the IRS has not defined what constitutes low-income for recipients.

I declare under the penalty of perjury that the foregoing is true and correct. Executed this 15th day of March 2024.

          ANGELLA WARREN
          Branch Chief
          Internal Revenue Service Office of Chief Counsel